IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARK ALBRITTON, ) | |
|          Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-CV-575-O |
| ) | ECF |
| DISTRICT ATTORNEY CRAIG WATKINS, ) | |
|          Defendant. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Parties**

At the time Plaintiff filed this complaint, he was confined in the Dallas County Jail. He brings this suit pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding pro se, and the Court has granted him permission to proceed *in forma pauperis*. Defendant is Dallas County District Attorney Craig Watkins.

**II. Background**

Petitioner states he was arrested for trespassing on November 11, 2008. He claims he never spoke with an attorney and did not have a competency hearing before being transferred to the Terrell State Hospital. He states that Defendant has therefore violated his due process rights.

**Findings and Conclusions of the
United States Magistrate Judge**     Page -1-

He seeks money damages.

## III.  Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is frivolous or fails to state a claim upon which relief may be granted.  A complaint is frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## IV.  Discussion

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a

deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). In this case, Plaintiff has failed to show the deprivation of a constitutional or federal right.

A review of the Dallas County criminal records shows that when Plaintiff was booked in to the Dallas County Jail, the jail personnel recommended that he have a competency examination. On November 18, 2008, the court order the competency examination. Plaintiff was examined by Dr. Pittman. Dr. Pittman's report stated that Plaintiff refused to speak during the examination and that Dr. Pittman found him incompetent. On December 10, 2008, an uncontested competency hearing was held in the Dallas County Criminal Court Number 3. Plaintiff was represented by public defender Patty Sessa. Both the assistant district attorney and Ms. Sessa waived a jury and Ms. Sessa waived Plaintiff's appearance at the hearing. The Court found Plaintiff incompetent and he was sent to Terrell State Hospital for 154 days.

Once Plaintiff returned from Terrell State Hospital, he plead guilty to the criminal trespass charge. On April 9, 2009, Plaintiff was sentenced to sixty days in jail, but was given credit for the 154 days he spent at Terrell State Hospital. He therefore was released as time served.

Plaintiff has failed to show that he did not receive a competency hearing and/or that he was not appointed counsel for the hearing. Plaintiff's complaint should be dismissed.

**RECOMMENDATION**

      The Court recommends that Plaintiff's complaint be dismissed with prejudice as frivolous.

      Signed this 10th day of June, 2009.

*[signature]*

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a <u>de</u> <u>novo</u> determination by the District Court.  See <u>Thomas v. Arn</u>, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -5-